UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **GLENDA CARTER** | : | **DOCKET NO. 2:16-cv-1540** |
| **VERSUS** | : | **JUDGE PATRICIA MINALDI** |
| **DG LOUISIANA, LLC** | : | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the court is a Motion to Remand [doc. 8] and Motion for Attorney's Fees [doc. 13] filed by plaintiff Glenda Carter ("Carter"). The motion was filed in response to the Notice of Removal [doc. 1] filed by defendant Dolgencorp, LLC ("Dollar General"). For the reasons stated below, **IT IS RECOMMENDED** that the motions be **DENIED.**

**I.**
**BACKGROUND**

Carter filed suit on February 17, 2016, in the Fourteenth Judicial District, Calcasieu Parish, Louisiana, alleging that she had been injured after tripping in the aisle of a Dollar General store. Doc. 1, att. 2, pp. 2–4. On April 28, 2016, after Dollar General had filed its answer, Carter amended her pleading to correct Dollar General's name. *Id.* at 9. In her original petition, Carter alleged that she suffered "injuries to her body as a whole, including, but not limited to back and neck." *Id.* at 3. She also stated that she had

> suffered emotionally, mentally and physically as a result of her injuries, causing past, present, and future mental and physical pain and suffering, mental anguish and emotional distress. Additionally, she has suffered loss of enjoyment of life, past, present and future all for which she is entitled to

> recover from the defendant in a reasonable amount to be fixed by this honorable court.

*Id.* She stated that she was seeking, *inter alia*, general and special damages as well as compensation for her medical expenses, pain and suffering, and loss of enjoyment of life. *Id.* Carter made no allegations relating to her injuries or damages in the amended petition.

Dollar General filed a Notice of Removal to this court on November 2, 2016, asserting federal jurisdiction on the basis of diversity under 28 U.S.C. § 1332. Doc. 1. There it alleges that discovery received on October 5 and 13, 2016 – namely, Carter's responses to interrogatories and the medical narrative completed by her treating orthopedist – provided the first notice that damages exceeded the jurisdictional amount. Carter now moves to remand the case, asserting that 1) Dollar General cannot provide sufficient proof that the amount in controversy exceeds $75,000 and 2) because the discovery responses do not provide sufficient proof that the jurisdictional amount is exceeded, the removal is untimely. In her reply brief, she also requests costs and attorney's fees incurred in bringing this motion pursuant to 28 U.S.C. § 1447(c).

## II.
### LAW AND ANALYSIS

Any civil action brought in a State court of which the district courts have original jurisdiction may be removed to the proper district court. 28 U.S.C. § 1441(a). District courts have original jurisdiction over all civil actions between citizens of different states where the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a)(1). The removing party bears the burden of showing that removal was procedurally proper and that federal jurisdiction exists. *See De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995).

Louisiana law forbids plaintiffs in state courts from pleading a specific numerical value of damages. *Gebbia v. Wal–Mart Stores, Inc.*, 233 F.3d 880, 882 (5th Cir. 2000) (citing LA. CODE

CIV. P. art. 893). Therefore, when a case originally filed in a Louisiana state court is removed to federal court on the basis of diversity, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.00. *Id.* (citing *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999)). A defendant may meet this burden by either (1) showing that it is facially apparent that the amount in controversy exceeds $75,000 or (2) setting forth facts in its removal petition that support a finding of the same. *Luckett*, 171 F.3d at 298.

Generally, a defendant must file a notice of removal to federal court within thirty days of the time the defendant receives an "initial pleading setting forth the claim for relief." 28 U.S.C. § 1446(b)(1). For cases where removal is sought under § 1332, however, the thirty day period starts to run from receipt of the pleading "only when that pleading affirmatively reveals on its face that the pleading is seeking damages in excess of the jurisdictional amount of the federal court." *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 163 (5th Cir. 1992). When the initial pleadings do not provide grounds for removal, defendants may file its notice of removal within thirty days of receiving "an amended pleading, motion, or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3) (emphasis added).

As stated *supra*, Carter challenges the removal here by alleging that the amount in controversy has not been shown to exceed $75,000 and that the removal is untimely. We address both claims and then turn to her motion for costs and attorney's fees.

### A. *Amount in controversy*

In both her state court petition and her interrogatory responses, Carter maintained that the fall had caused injury to her neck and back (adding in in her interrogatory responses that she had also injured her knee, and shoulder). Doc. 1, att. 2, p. 3; doc. 12, att. 1, p. 12. At the time of her interrogatory responses she stated that she could not list her medical expenses, as treatment was

still ongoing. Doc. 12, att. 1, p. 13. In response to Dollar General's Request for Production, Carter submitted a list of her medical expenses to date, which totaled $3,880. Doc. 8, att. 3, pp. 41–44. The medical narrative from Carter's treating orthopedist, Dr. Clark Gunderson, noted that Carter reported continuing pain in her knee, back, and neck (radiating into her shoulder) as of August 2016. Doc. 12, att. 1, pp. 25–26. Gunderson referred Carter to physical therapy for her neck and back injuries, which he diagnosed as a cervical and lumbar straining type injury with nerve root irritation or entrapment. *Id.* at 26. He also believed that she had torn the medial meniscus of her right knee and recommended an MRI and a possible arthroscopic meniscectomy. *Id.*

Dollar General argues that the above facts show by a preponderance of the evidence that the amount in controversy exceeds $75,000. To this end they cite Louisiana cases involving similar injuries. *E.g.*, *Moody v. Cummings*, 37 So.3d 1054 (La. Ct. App. 4th Cir. 2010) ($60,000 for knee injury alone where future arthroscopic surgery was indicated, with an additional $57,000 for back and neck injuries); *Stewart v. Ice*, 982 So.2d 928 (La. Ct. App. 4th Cir. 2008) ($350,000 in general damages awarded for plaintiff with comparable neck and back injuries who also required knee surgery); *see also Crews v. Broussard Plumbing and Heating*, 38 So.3d 1097 (La. Ct. App. 3d Cir. 2010) ($45,000 for knee injury that may eventually require surgery, with no other injuries documented).

Carter only distinguishes one of these cases, pointing out that the plaintiff in *Stewart v. Ice* faced greater restrictions and permanent impairments. We accept this point while also recognizing that the plaintiff in *Stewart* received damages well in excess of $75,000 for his knee injury. Carter does not address the other cases cited by Dollar General. In the absence of any refutation, these are sufficient to show by a preponderance of the evidence that damages from her knee, back, and

neck injuries, particularly with the likelihood of surgery and the categories of damages claimed, will exceed $75,000.

Instead, Carter submits that Dollar General cannot meet its burden based on her contention, made for the first time in the reply brief, that she no longer suffers knee pain and has no plans of following Gunderson's treatment recommendations. Doc. 13, pp. 1–2. She also relies on her own settlement offer, made on December 6, 2016, (one month after the notice of removal) of $30,000, and on a stipulation filed in this court on November 8, 2016, in which she states that the amount in controversy in this matter is below $75,000. Doc. 13, att. 1; doc. 7. However, as Dollar General points out, post-removal filings cannot be used to reduce the amount in controversy. *See De Aguilar*, 47 F.3d at 1412 (citing *In re Shell Oil Co.*, 970 F.2d 355, 356 (7th Cir. 1992)). Furthermore, Carter's contention that she no longer suffers pain is unsupported by affidavit or other evidence and would thus have no weight, even if supplied before removal. Therefore Dollar General has carried its burden as to the amount in controversy.

### B. Timeliness of removal

Carter contends that notice of the case's alleged removability should have come from the state court pleadings, making the November 2016 notice of removal untimely. She asserts that the only new information in the discovery responses was her report that her medical expenses to date totaled $3,880. Doc. 8, att. 2, p. 6.

The state court petition spoke in vague terms. It gave no indication of the severity of Carter's injuries or any other sign that her damages might exceed $75,000. The notice of removal, however, specifically references the orthopedist's report received in subsequent discovery, with its record of persistent symptoms and recommendation of further treatment, as indicating that the amount in controversy is exceeded. Doc. 1, pp. 4–5. Carter fails to show any other paper received

by Dollar General between the filing of the petition and receipt of discovery responses that might have provided notice of the amount in controversy and start the thirty day time limit for removal. Accordingly, the removal was timely.

### C. Attorney's fees

Under 28 U.S.C. § 1447(c), an order of remand may require the removing party to pay attorney's fees and other costs associated with removal. However, such an award is only justified when the court finds that the removing party lacked an objectively reasonable basis to believe that the removal was legally proper. *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 293 (5th Cir. 2000).

Here we recommend that the motion to remand be denied, having found that removal was proper. Therefore there is no basis for awarding costs and fees under § 1447(c), and this motion should likewise be denied.

### III.
#### CONCLUSION

For the reasons stated above, **IT IS RECOMMENDED** the Motion to Remand [doc. 8] and Motion for Attorney's Fees [doc. 13] be **DENIED.**

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 19th day of January, 2017.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE