UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **GLENDA CARTER** | **CASE NO. 2:16-CV-01540** |
| **VERSUS** | **JUDGE ROBERT R. SUMMERHAYS** |
| **DOLGENCORP LLC** | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM RULING

Before the Court is a Motion for Summary Judgment filed by Defendant, DG Louisiana, LLC.[1] Pursuant to its motion, Defendant seeks dismissal with prejudice of this merchant liability suit brought by Plaintiff Glenda Carter. For the reasons that follow, Defendant's motion is DENIED.

### I.
### BACKGROUND

Plaintiff brings this suit for damages allegedly sustained due to a slip and fall at a Dollar General store owned by Defendant and located at 1419 E. Prien Lake Road, in Lake Charles, Louisiana. According to Plaintiff, on the evening of October 22, 2015, sometime between the hours of 7:00 and 8:30 p.m., she and her daughter stopped at Dollar General to purchase personal items for Ms. Carter's grandson who had been admitted to a local hospital.[2] Plaintiff testified she turned left from the main aisle of the store onto the last aisle on the eastern side of the store to look for a pair of slippers. Plaintiff took about five steps into the aisle when she slipped and fell on store merchandise (specifically, clothing) discarded on the floor of the aisle.[3] Thereafter, Plaintiff filed

---

[1] ECF No. 48.
[2] ECF No. 48-6 at 35.
[3] *Id.* at 55-56, 60.

suit in state court, alleging the fall caused "injuries to her body as a whole, including, but not limited to back and neck," as well as mental and emotional damages.[4]

Defendant subsequently removed the suit to this Court on the basis of diversity jurisdiction. Defendant now seeks dismissal of Plaintiff's suit, contending "no trip and fall incident occurred as claimed by Plaintiff," and Plaintiff has been "untruthful about this alleged incident, and quite possibly, is committing fraud."[5] Alternatively, Defendant argues "even if the incident did occur," Plaintiff cannot show Defendant had actual or constructive notice of the condition which caused Plaintiff's damages, and therefore summary judgment in Defendant's favor is warranted.[6]

## II.
### STANDARD OF REVIEW

"A party may move for summary judgment, identifying each claim or defense–or the part of each claim or defense–on which summary judgment is sought." Fed. R. Civ. P. 56(a). "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Id.* "A genuine issue of material fact exists when the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Quality Infusion Care, Inc. v. Health Care Service Corp.*, 628 F.3d 725, 728 (5th Cir. 2010). As summarized by the Fifth Circuit:

> When seeking summary judgment, the movant bears the initial responsibility of demonstrating the absence of an issue of material fact with respect to those issues on which the movant bears the burden of proof at trial. However, where the nonmovant bears the burden of proof at trial, the movant may merely point to an absence of evidence, thus shifting to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial.

*Lindsey v. Sears Roebuck and Co.*, 16 F.3d 616, 618 (5th Cir.1994) (internal citations omitted).

---

[4] ECF No. 1-2 at 3.
[5] ECF No. 48-4 at 4.
[6] *Id.* at 11.

When reviewing evidence in connection with a motion for summary judgment, "the court must disregard all evidence favorable to the moving party that the jury is not required to believe, and should give credence to the evidence favoring the nonmoving party as well as that evidence supporting the moving party that is uncontradicted and unimpeached." *Roberts v. Cardinal Servs.*, 266 F.3d 368, 373 (5th Cir.2001); *see also Feist v. Louisiana, Dept. of Justice, Office of the Atty. Gen.*, 730 F.3d 450, 452 (5th Cir. 2013) (courts must view all facts and evidence in the light most favorable to the non-moving party). "Credibility determinations are not part of the summary judgment analysis." *Quorum Health Resources, L.L.C. v. Maverick County Hosp. Dist.*, 308 F.3d 451, 458 (5th Cir. 2002). Rule 56 "mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof." *Patrick v. Ridge*, 394 F.3d 311, 315 (5th Cir. 2004) (alterations in original) (quoting *Celotex v. Catrett*, 477 U.S. 317, 322 (1986)).

### III.
### ANALYSIS

Defendant first argues Plaintiff's suit should be dismissed, "as store surveillance video conclusively shows that no incident occurred as alleged by the Plaintiff."[7] According to Defendant, the store in question is equipped with "motion activated surveillance cameras" that record only when movement or motion is detected.[8] Defendant states it retained a third-party vendor to download all video footage recorded between 6:16 p.m. and 8:16 p.m. on the day of the incident, and none of the footage shows any trip and fall occurred.[9] Based upon this footage, Defendant concludes Plaintiff has been "untruthful about this incident, and quite possibly is committing

---

[7] ECF No. 48-4 at 8.
[8] *Id.* at 3.
[9] *Id.* at 3-4.

fraud."[10] In her opposition, Plaintiff primarily attacks the reliability of the store's motion-activated surveillance cameras.

The Fifth Circuit has indicated that courts should give greater weight at the summary judgment phase to facts "evident from video recordings taken at the scene." *Carnaby v. City of Houston*, 636 F.3d 183, 187 (5th Cir. 2011). Where a video recording discredits the plaintiff's version of events, courts should consider "the facts in the light depicted by the videotape." *Id.* (quoting *Scott v. Harris*, 550 U.S. 372 (2007)). Applying this principle, courts in the Fifth Circuit have relied on video recordings to grant summary judgment in slip and fall cases. *See e.g., Cone v. DG Louisiana, LLC*, No. 18-CV-1247, 2019 WL 1111463, at *3-4 (E.D.La. March 11, 2019); *Courington v. Wal-Mart Louisiana, LLC*, No. 2:17-CV-00771, 2018 WL 707521, *3-4 (W.D.La. Feb. 2, 2018). Here, however, the video footage in the summary judgment record does not foreclose Plaintiff's version of events.

As noted, Defendant relies upon video footage covering the timeframe from 6:16 p.m. to 8:16 p.m. on the day of the incident. However, neither party addresses Plaintiff's deposition testimony that the incident occurred sometime between 7:00 and 8:30 p.m. in the evening.[11] Plaintiff repeats this time frame several times. Plaintiff further testified the accident had to occur before 9:00 p.m., because she and her daughter needed to deliver the items to Plaintiff's grandson before 9:00 p.m. when visiting hours at the hospital ended.[12] Because the video footage relied upon by Defendant ends at 8:16 p.m., but Plaintiff testified several times the accident could have occurred as late as 8:30 p.m., this creates a question for the jury as to which timeline is more

---

[10] *Id.* at 4.
[11] *See e.g.* ECF No. 61-3 at 42, 44, 47.
[12] *Id.* at 47.

credible and whether the video evidence discredits Plaintiff's version of events.[13] As such, Defendant has not "conclusively" shown that the incident did not occur, and therefore summary judgment on this basis is denied.[14]

In the alternative, Defendant argues Plaintiff cannot satisfy her prima facie burden because she cannot show Defendant had actual or constructive notice of the hazardous condition causing her slip and fall. Plaintiff does not argue Defendant had actual notice of the condition and therefore only constructive notice is at issue. Merchant liability for slip or trip and fall cases is governed by the Louisiana Merchant Liability Act, La. R.S. 9:2800.6. The Act requires a claimant to show, *inter alia*, that "[t]he merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence." La. R.S. 9:2800.6(B). A merchant is considered to have "constructive notice" of an injury-causing condition if the claimant proves "that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care." La. R.S. 9:2800.6(C)(1). Thus, constructive notice necessarily includes a temporal element, and merely demonstrating the existence of the hazard is insufficient. *White v. Wal-Mart Stores, Inc.*, 699 So.2d 1081, 1084 (La. 1997). While there is no bright line time period

---

[13] The only reason Defendant provides for its choice to download video from 6:16 to 8:16 p.m. is a partially executed Customer Incident Report, which appears to reflect some unidentified customer incident occurred on October 22, 2015 at 8:00 p.m. ECF No. 48-7. The report appears to have been created two days after Plaintiff's accident, and it does not set forth the name of the injured customer. Moreover, throughout this litigation Defendant has contested the authenticity of this particular report. *See* ECF Nos. 48-4 at 2 n.3; 61-9 at 6; 52 at 2. Regardless, Plaintiff testified that the incident could have occurred as late as 8:30 p.m. The conflicting testimony and evidence in the summary judgment record presents a question of fact for the jury.
[14] Further undercutting Defendant's argument that no accident occurred is the circumstantial evidence supporting Plaintiff's version of events – namely, the testimony of former Dollar General employee, Rachel Guy, and of Plaintiff's daughter, Renae Bonin. Ms. Guy was working at the cash register of the store at the time of Plaintiff's accident. Ms. Guy testified Plaintiff reported the incident to her before leaving the store, and that Plaintiff was holding her leg when she reported the incident. ECF No. 61-9 at 5, 7. Ms. Bonin testified she was on the adjacent aisle at the time of the accident when she heard "some stuff fall," heard her mother scream for help, and then found her mother on the ground. ECF No. 48-8 at 31-33, 35. Plaintiff then told her daughter she slipped on some clothing, pointed to clothing "hanging off" of a clothing rack, and stated she was in pain. *Id.* at 35-36.

and the time period need not be specific in minutes or hours, constructive notice does require that the claimant prove the condition existed for some period of time prior to the fall. *Id.* at 1084-85. If the claimant shows the condition existed for some period of time, "[w]hether the period of time is sufficiently lengthy that a merchant should have discovered the condition is necessarily a fact question." *Id.*

Here, Defendant argues Plaintiff cannot show Defendant had constructive notice of the injury-causing condition, because Plaintiff cannot recall with particularity exactly what type of clothing caused her trip and fall, and she does not know where the item of clothing came from, who left it on the floor or how long it was on the floor.[15] In opposition, Plaintiff submits the testimony of Rachel Guy, a former employee of Dollar General who was working at the store where Plaintiff fell at the time of the accident and to whom Plaintiff reported the incident. Ms. Guy testified after Plaintiff reported the incident to her, she went to the aisle where Plaintiff alleges she fell and found it to be in disarray.[16] After viewing the surveillance video at her deposition, Ms. Guy testified the aisle was not in proper condition, as merchandise was supposed to be put away and not situated on the floor.[17] She further testified the aisles at the store were frequently in disarray "for a while," because they were always short-staffed at the store.[18] She testified on the day of the incident, the merchandise was on the floor of the aisle "for a while," because only Ms. Guy and her supervisor were working at the time of the incident.[19] She further testified employees were trained to restock items left on the floor.[20] This testimony creates a fact issue for the jury as to whether the condition existed for "some time period" prior to Plaintiff's fall and as to whether that

---

[15] ECF No. 48-4 at 11.
[16] ECF No. 61-9 at 7-8, 15-17.
[17] *Id.* at 8, 15.
[18] *Id.* at 13, 15.
[19] *Id.* at 15.
[20] *Id.* at 17.

period of time was "sufficiently lengthy that a merchant should have discovered the condition."[21] *White* at 1084-85.

For the reasons set forth above, the motion for summary judgment [ECF No. 48] filed by Defendant is DENIED.

THUS DONE in Chambers on this \_\_\_3rd\_\_\_ day of June, 2019.

ROBERT R. SUMMERHAYS
UNITED STATES DISTRICT JUDGE

---

[21] In its reply brief, Defendant claims to have conclusively proven that both Plaintiff and Ms. Guy have committed perjury. Defendant is incorrect. At best, Defendant has pointed to inconsistencies in their testimony that may very well undermine the credibility of their testimony. But that is a determination for the jury, not the Court on summary judgment.