UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| GLENDA CARTER | * | CIVIL ACTION NO.: 2:16-CV-01540 |
|---|---|---|
| VERSUS | * | SECTION: |
| DOLGENCORP, LLC | * | JUDGE: SUMMERHAYS |
| | * | MAGISTRATE: KAY |

*********************************************

**MEMORANDUM IN SUPPORT OF DAUBERT MOTION AND MOTION IN LIMINE TO EXCLUDE REPORT AND TESTIMONY OF PLAINTIFF'S EXPERT, JASON ENGLISH OR, IN THE ALTERNATIVE, LIMIT REPORT AND TESTIMONY**

**MAY IT PLEASE THE COURT:**

**NOW INTO COURT**, through undersigned counsel, comes Defendant, DG Louisiana, LLC, incorrectly referred to in the Plaintiff's Complaint as Dollar General, and who files this this Daubert Motion and Motion in Limine to exclude report and testimony of the Plaintiff's Expert, Jason English, or, in the alternative, limit report and testimony at trial of this matter.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff has retained an alleged expert, Jason English, who has rendered a report regarding the store surveillance camera system and video on the date of the plaintiff's alleged incident, October 22, 2015, as well as an opinion on the cause of the Plaintiff's trip and fall and Defendant's responsibility.

However, Mr. English's report and testimony should be excluded or limited at trial as neither sastify the *Daubert* factors and Fed. Rule of Evid. 702.

**II. LAW AND ARGUMENT**

Fed. Rule of Evid. 702 states, "a witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a)

the expert's scientific, technical or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case."

In determining whether to allow expert opposition testimony, the court must first decide whether the witness is qualified as an expert by knowledge, skill, experience, training, or education. A district court should refuse to allow and expert witness to testify if it finds that the witness is not qualified to testify in a particular field or particular subject.[1]

If a witness is qualified to testify, the court must then determine whether the proffered testimony is both relevant and reliable. "The expert testimony must be relevant, but also in the sense that the expert's proposed opinion would assist the trier of fact to understand or determine a fact in issue." Rule 702 requires a valid scientific connection to the pertinent inquiry as a precondition to admissibility.[2]

Expert testimony requires more than subjective belief or unsupported speculation. An expert's self-proclaimed accuracy is insufficient.[3] Nothing in either Daubert or the Federal Rules of Evidence requires a district court to admit opinion evidence that is only connected to existing data only by the *ipse dixit* of an expert.[4]

A.   **JASON ENGLISH IS NOT QUALIFIED AS AN EXPERT TO TESTIFY REGARDING RETAIL STORE SURVEILLANCE SYSTEMS AND VIDEO.**

According to his report, Mr. English is a licensed professional in the State of Texas and a certified safety professional.[5] Further, he states that he has specific qualifications and experience

---

[1] Willis v. TRC Cos, 2008 WL 3911040 at 3 (W.D. La. 2008).
[2] Willis at 3-4.
[3] Nunez v. Dolgencorp, 2013 WL 2458736 at 16, (W.D. La. 2013).
[4] Nunez at 16.
[5] See English report page 7 attached to English deposition as Exhibit B.

regarding premises safety, safety management and fall prevention. Further, his curriculum vitae states that he has a B.S. in Industrial Engineering and M.S. in Safety Engineering. However, nowhere in his report or curriculum vitae is there listed any work, experience, training or coursework in the area of surveillance camera system and video let alone retail store surveillance systems and footage. Nor does the report or curriculum vitae state that Mr. English has published any articles which discuss, analyze or instruct regarding surveillance video systems and footage. More importantly, the report and attachments identify no such information in the context of retail store surveillance systems or video footage experience or expertise.

At his deposition, Mr. English did not include surveillance system and video footage as an area where he is being produced as an expert in this matter.[6] Mr. English also did not include surveillance system and video footage as a specific area of expertise he has been qualified as an expert by any court.[7] Mr. English even confirmed that he did not recall testifying regarding surveillance video in any Louisiana court.[8] When asked if he had ever installed, repaired, or maintained store surveillance systems and cameras for a retail store, Mr. English admitted not in that capacity as that is not his profession.[9] Rather, he testified that he installed a system at his house and for friends as a hobby.[10] Mr. English also did not know if he had ever testified in any Louisiana court regarding triggering events and activation zones for surveillance camera systems in any court.[11]

As the above shows, Mr. English is not qualified to testify and render an opinion regarding the store surveillance system and video footage from the date of the Plaintiff's alleged incident. He is an engineer and not a surveillance system and video expert nor is there any

---

[6] See page 5 lines 21-25 and page 6 lines 103 of English deposition attached as Exhibit A.
[7] See page 13 lines 4-16 and page 6 lines 103 of English deposition attached as Exhibit A.
[8] See page 22 lines 19-24 of English deposition attached as Exhibit A.
[9] See page 22 line 24 and page 23 lines 1-5 of English deposition attached as Exhibit A.
[10] See page 23 lines 6-12 of English deposition attached as Exhibit A.
[11] See page 106 pages 2-14 of English deposition attached as Exhibit A.

indication of any audio-visual expertise or experience. Further, he has no expertise or knowledge of retail store surveillance systems and video such as the kind at the Dollar General store where the Plaintiff allegedly tripped and fell. Installing and perhaps having knowledge of a surveillance system at one's home and for one's friends is not comparable to a surveillance system and video that is installed at a retailer's store. Mr. English's lack of qualifications and experience in this area preclude his report and his testimony in this matter.

B.   **MR. ENGLISH'S METHODLOGY IS FLAWED AND UNRELIABLE.**

In his report, Mr. English discusses the methodology he utilized in developing his opinions. This methodology was based upon the numerous publications of the National Safety Council and other authoritative published literature, along with standard published in AST M International.[12] Further, Mr. English states such methodology includes the review of any physical evidence (equipment, facilities, site locations)…along with his experience as a safety engineer[13].

Yet, Mr. English's methodology is flawed and unreliable as he did not follow his own stated methodology. To begin with, Mr. English never inspected the Dollar General Store and its surveillance system and video to confirm or test his speculative opinion that the reason Ms. Carter's alleged incident was not recorded was because the sensitivity of the camera activation feature is low.[14] Mr. English's own methodology required him to review physical evidence; in this case, the store's surveillance video system and its cameras which he did not do because he never went to the store.[15] Accordingly, Mr. English admitted that he did not know how to set the

---

[12] See English report page 2 paragraph 7 attached to English deposition as Exhibit B.
[13] See English report page 2 paragraph 8 attached to English deposition as Exhibit B.
[14] See page 77 pages lines 17-20 of English deposition attached as Exhibit A. Also see English report page 9 paragraph 40 attached to English deposition as Exhibit A.
[15] See page 79 lines 12-25, page 80 lines 1-25 and page 81 lines 1-10 of English deposition attached as Exhibit A.

sensitivity setting for the store cameras and did not know how they were set.[16] This is critical as shown by Mr. English testimony:

> Q. --you're saying in there that the sensitivity setting on a camera, camera 7, channel 7, whatever you want to label it, was too low to have captured Ms. Carter coming into the aisle and tripping and falling, is that correct?
>
> A. Well, either the sensitivity level itself or the sensitivity of the photo sensor that's actually detecting the motion, one or the other.[17]

Further, Mr. English admitted that he did not know what brand the store surveillance system was nor the particular details of the store's system.[18] He also admitted at his deposition that, "you have to understand how the systems work so you'll be to fully evaluate what's being shown in the video."[19] How can Mr. English determine if the sensitivity level of the camera in aisle 7 was set too low when he did not go to the store and inspect the surveillance system and the camera? He cannot. Also, he cannot fully evaluate the surveillance video in this case as he did not inspect the store surveillance video system which preclude his ability to evaluate the video and render an opinion.

C. **OPINIONS, FACTS AND DATA NOT INCLUDED IN MR. ENGLISH'S REPORT SHOULD BE EXCLUDED FROM TRIAL.**

Among other things, an expert's report must contain a complete statement of all opinions the witness will express and the facts and data considered by the expert[20]. Under Rule 26(a) a report must be complete such that opposing counsel is not forced to depose an expert in order to avoid an ambush at trial; and moreover, the report must be sufficiently complete so as to shorten or decrease the need for expert depositions and to conserve resources.[21]

---

[16] See page 60 pages lines 3-25 and page 61 lines 1-5 of English deposition attached as Exhibit A.
[17] See page 60 pages lines 3-25 and page 61 lines 1-5 of English deposition attached as Exhibit A.
[18] See page 77 lines 23-25 and page 78 lines 1-6 of English deposition attached as Exhibit A.
[19] See page 77 lines 5-16 of English deposition attached as Exhibit A.
[20] Beane v. Util. Trailer Mfg. Coo, 934 F. Supp 2d 871,877.
[21] Beane at 877.

At his deposition, Mr. English testified as to a new opinion and facts and data which were not included or disclosed in his original report. Originally, Mr. English's report contained an opinion which stated that the camera in aisle 7, where the Plaintiff's incident allegedly occurred, did not record the Plaintiff's alleged trip and fall because the sensitivity of the camera motion activation feature was low[22]. However, at his deposition, Mr. English rendered a completely new opinion and provided facts and data that were not disclosed in his original report. Mr. English testified that he used the software "backup player" to formulate his opinion that only certain trigger points would active camera 7 in the aisle.[23] Mr. English never stated in his report that he used a specific viewer program to view the video and in an attempt to determine trigger points for the surveillance video from camera 7. Nor did Mr. English state or discuss in his report any facts, data or opinion regarding or disclosing specific trigger/activation points which would trigger camera 7 to record. In fact, Mr. English candidly admitted that he did not put these facts, data analysis, methodology or opinion, in his report or the analysis underlying same.[24][25] It was not until the taking of Mr. English's deposition, that Defendants counsel became aware of all opinions, facts and data by Mr. English. On this additional ground, Mr. English's report and testimony should be excluded or limited at trial.

D.  **THE REPORT AND TESTIMONY BY MR. ENGLISH WILL NOT ASSIST THE JURY.**

On the relevance prong, the inquiry concerns whether the expert's testimony helps the trier of fact understand the evidence.[26] The Fifth Circuit has held that, if a jury can "adeptly asses

---

[22] See English report page 9 paragraph 40 attached to English deposition as Exhibit B.
[23] See page 60 pages lines 3-25 and page 61 lines 1-5 of English deposition attached as Exhibit A. Also see page 60 lines 7-25 and page 69 lines 1-25 for additional discussion of trigger events.
[24] See page 72 line 25, page 73 lines 1-25, page 74 lines 1-18 of English deposition attached as Exhibit A.
[25] See page 100 lines 7-24 of English deposition attached as Exhibit A.
[26] Nunez at 12.

{00417789.DOCX;1}                          6

[the] situation using only their commonsense experience and knowledge," the proffered expert testimony is irrelevant, as it will not assist the trier of fact.[27]

Mr. English's report also includes an opinion on the causative factors of the Plaintiff's incident as well as the responsibility of the Defendant.[28] Mr. English opines that the causative factor related to the Plaintiff's fall incident was the presence of what has been described as a clothing item present in the floor of the aisle more than likely due to the evidence poor housekeeping or stocking practices at this store, ultimately creating a significant and unexpected fall hazard for customers.[29] Essentially, Mr. English opines that the Plaintiff tripped and fall due to a piece of clothing left on the floor by a Dollar General employee.

The Plaintiff has alleged and testified that, on October 22, 2015, she tripped and fell due to a piece of clothing on the floor. Store surveillance video of the area where the Plaintiff's incident occurred, specifically aisle 7, shows the condition of the aisle around the time and date of the Plaintiff's alleged incident. Defendant has also produced to the Plaintiff store policies for stocking and clean up. Finally, the Plaintiff's and her daughter's deposition have been taken as well as former store employee, Rachel Guy.

Certainly, the jury will not need expert testimony to determine whether a piece of clothing was on the floor and that caused the Plaintiff's incident. Nor will they need expert testimony to determine whether Defendant violated its store policies. These are issues that are within common knowledge of lay jurors and such facts will be provided to the jury via testimony and documentary evidence. Further, Mr. English's opinion—what caused the Plaintiff's incident and fault-- is a legal conclusion which is the sole responsibility of the trier of fact. Even Mr. English agreed at his deposition that the photographs, video and testimony in this matter were

---

[27] Nunez at 12.
[28] See English report page 2 paragraph 6 attached to English deposition as Exhibit B.
[29] See English report page 29 paragraph 6 attached to English deposition as Exhibit B.

sufficient to allow the jury to determine Defendant's polices regarding upkeep, cleaning and sweeping and to decide whether or not the store was in a safe condition or not when the Plaintiff was at the store.[30]

Further, the Court should also exclude testimony from Mr. English that the Plaintiff's incident was not recorded by camera 7 because she was in an area partially blocked by carts or individuals. Mr. English provided this testimony during his deposition.[31] Surely, a jury could determine this based upon any evidence submitted, such as store video, without the assistance of any expert.

Finally, any testimony or opinions by Mr. English attempting to exculpate the Plaintiff from any negligence due to inattentiveness by not noticing the clothing on the floor or the reasonableness of her actions prior to the incident should be excluded or limited. In his report, Mr. English provides such opinions.[32] Again, this speculative opinion is a legal conclusion better left to the jury and an area in which the jury does not need the assistance of any expert. In *Nunez*[33], Judge Minaldi excluded similar expert testimony which opined on the reasonableness of a customer at another Dollar General store where she allegedly tripped and fell.

On this basis, Mr. English's testimony and the report should be excluded or limited.

## III. CONCLUSION

For the forgoing reasons, Defendant respectfully requests that this Honorable Court grant this Daubert Motion and Motion for Limine.

---

[30] See page 72 line 25, page 73 lines 1-25, page 74 lines 1-18 of English deposition attached as Exhibit A.
[31] See page 63 lines 6-25 of English deposition attached as Exhibit A.
[32] See English report page 12 paragraphs 50-52 attached to English deposition as Exhibit B.
[33] Nunez at 18-19.

Respectfully Submitted:

**COURINGTON, KIEFER & SOMMERS, L.L.C.**

*/s/ Daniel R. Estrada*
KAYE N. COURINGTON (LSBA #18582)
DANIEL R. ESTRADA (LSBA # 26632) T.A.
616 Girod Street
New Orleans, LA 70130
Telephone: (504) 524-5510
Facsimile: (504) 524-7887
**ATTORNEYS FOR DEFENDANT,
DG LOUISIANA, LLC**

### CERTIFICATE OF SERVICE

I hereby certify that on June 10, 2019 a copy of the above and foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to the following by operation of the court's electronically filing system:

Rex D. Townsley, Esq.
Jackson T. Brown, Esq.
David Hanchey, Esq.
The Townsley Law Firm, LLP
3102 Enterprise Blvd.
Lake Charles, Louisiana 70601

*/s/ Daniel R. Estrada*