# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **GLENDA CARTER** | : | **CIVIL ACTION NO. 2:16-cv-1540** |
| **VERSUS** | : | **JUDGE SUMMERHAYS** |
| **DOLGENCORP, LLC** | : | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM ORDER

Before the court is a Motion for Order Compelling Discovery; and Alternatively, Motion for Adverse Interference Pursuant to FRCP 37(e) filed by plaintiff, Glenda Carter. Doc. 44. Plaintiffs also seek attorney fees and costs and an order sanctioning Dollar General pursuant to FRCP 37(b)(A). *Id.* at 2. The motion is opposed by defendant DG Louisiana, LLC (hereafter "Dollar General"). Doc. 52. For the following reasons, the motion will be **DENIED**.

### I.
### BACKGROUND

On October 22, 2015,[1] plaintiff was shopping at a Dollar General store located in Lake Charles, Louisiana, when she claims to have tripped and fallen on pieces of clothing left on the floor, allegedly by Dollar General employees. Doc. 1, att. 2, p. 2. There are no witnesses to the alleged accident.[2] Plaintiff also claims she was, on that same date, given the customer copy of

---

[1] There are inconsistencies in the record as to the exact date of the incident. The petition asserts the incident occurred on October 24, 2015. Doc. 1, att. 2, p. 2. However, in the instant motions both plaintiff [doc. 44, att. 1, p. 4] and defendant [doc. 52, p. 1] have indicated the incident allegedly occurred on October 22, 2015. A receipt dated October 22, 2015, is attached to plaintiff's instant motion [doc. 44, att. 4] which plaintiff asserts evidences purchases made on the day in question. Doc. 44, att. 1, p. 4.

[2] Plaintiff's daughter claims to have found her on the floor of the store but admits she did not witness the accident. Doc. 52, att. 6, pp. 35-36.

a "Customer Incident" form (hereafter "Customer Copy"). Doc. 44, att. 1, p. 4. The form stated she would be contacted by a claim representative regarding the incident. Doc. 44, att. 3. It is unclear how plaintiff obtained the Customer Copy in this case.[3] Nevertheless, according to a representative of Dollar General, a Customer Copy generally indicates that a more comprehensive incident report was created. *See* Doc. 44, att. 15, p. 10.

By letter dated November 19, 2015, Dollar General notified plaintiff that her claim was being denied because their investigation had not revealed "any negligence on behalf of the store." Doc. 44, att. 5. On February 17, 2016, plaintiff, a Louisiana citizen, filed suit in the 14th Judicial District Court, Calcasieu Parish against Dollar General,[4] a citizen of Tennessee,[5] based on injuries she claims to have sustained when she fell. Doc. 1, att. 2, pp. 2-5. On November 2, 2016, defendant removed this suit to this court based on diversity jurisdiction. Doc. 1.

Prior to filing suit, plaintiff sent a letter to Dollar General advising it to preserve "[a]ny and all surveillance videos for the entire day of October 22, 2015." Doc. 44, att. 6. The letter also requested "a copy of any incident/accident report generated as a result of the fall." *Id.* Defendant responded that it "[was] determining if an incident report was prepared," [doc. 44, att. 8, p. 4] and that it would "produce the incident report if one was prepared." Doc. 44, att. 9, p. 5. Ultimately defendant notified plaintiff that it was "not in possession of any incident report for the incident that

---

[3] Plaintiff claims the Customer Copy was given to her before she paid for her items and left the store on October 22, 2015. Doc. 44, att. 1, p. 4. This is inconsistent with the creation date of October 24, 2015, listed on the Customer Copy. Doc. 44, att. 3. As we discuss below, defendant maintains it is unable to locate a "Customer Incident" report from which this Customer Copy would have been derived and further indicates it received the Customer Copy made part of this record from plaintiff herself as part of discovery. Doc. 52, p. 7.

[4] In the original petition plaintiff incorrectly referred to defendant as "Dolgencorp, LLC," [doc. 1, att. 2, p. 2] however on April 28, 2016, she was granted leave to file an amended petition [*id.* at 8] which named defendant as "DG Louisiana, LLC." *Id.* at 9.

[5] For purposes of determining diversity, "the citizenship of a LLC is determined by the citizenship of all of its members." *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008) (citations omitted). For removal purposes "a corporation shall be deemed to be a citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business." 28 U.S.C. § 1332(c)(1). DG Louisiana, LLC's sole member is Dolgencorp, LLC; Dolgencorp, LLC's sole member is Dollar General Corporation, a corporation incorporated under the laws of Tennessee, with its principal place of business in Tennessee. Doc. 1, p. 2.

plaintiff alleges happened on October 22, 2015." Doc. 44, att. 12, p. 2.

In response to plaintiff's request for production of the surveillance video [doc. 44, att. 9, p. 6], defendant has provided plaintiff with all the surveillance footage it claims it had related to the incident. Doc. 44, att. 13; Doc. 44, att. 14. This includes video from October 22, 2015, between 6:16 p.m. and 8:16 p.m. on the relevant store cameras. Doc. 52, att. 8, p. 3. Plaintiff acknowledges she is the woman depicted in the video. Doc. 44, att. 17. The video shows plaintiff interacting with a Dollar General employee at the cash register but it does not show plaintiff falling. Doc. 44, att. 14.

On February 18, 2019, plaintiff filed the instant Motion for Order Compelling Discovery; and Alternatively, Motion for Adverse Interference Pursuant to FRCP 37(e). Doc. 44. Plaintiff asserts it is "undisputed that a Customer Incident Report of Ms. Carter's incident was completed by Dollar General," [doc. 44, att. 1, p. 12] and seeks its production. Additionally, plaintiff seeks access to additional surveillance video from the incident. *Id.* at 14. Alternatively, if defendant is unable to provide the incident report or the video evidence depicting her fall, plaintiff asserts that defendant must have destroyed them and, therefore, plaintiff seeks adverse interference pursuant to FRCP 37(e). Doc. 44. Finally, plaintiff seeks an order sanctioning Dollar General pursuant to FRCP 37(b)(A) and to pay all costs, including attorney fees, incurred in filing this motion pursuant to FRCP 37(b)(C) and 37(a)(5)(A). *Id.* at 2. Defendant opposes plaintiff's motion. Doc. 52. It asserts an incident report was never drafted [*id*. at 2] and that there is no video evidence depicting plaintiff's fall because the fall did not occur. *See* Doc. 52, p. 4.

## II.
### LAW & ANALYSIS

Rule 37 of the Federal Rules of Civil Procedures allows either party to move for an order compelling disclosure or discovery. The rule also covers circumstances in which "electronically

stored information that should have been preserved in the anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it." FED. R. CIV. P. 37(e). If a party is prejudiced by this loss, the court may order measures necessary to cure the prejudice, and if "the party [responsible for the loss] acted with the intent to deprive another party of the information's use" the court may take adverse action against the party responsible for the loss. FED. R. CIV. P. 37(e)(1)-(2).

Plaintiff maintains that an incident report is being withheld by Dollar General. She points to Dollar General's standard operating procedures [doc. 44, att. 11] as evidence an incident report should have been drafted in relation to this incident [doc. 44, att. 1, pp. 11-12] and she asserts the existence of the Customer copy "proves an incident report exists." Doc. 44, att. 1, p. 7. However, defendant maintains no incident report exists. *See* Doc. 52, p. 2. As evidence, Dollar General provides an affidavit of Millette E. Milliken, the claims representative assigned by Dollar General to plaintiff's case. Doc. 44, att. 3. Ms. Milliken testifies that her review and search of store records "did not locate any customer incident report for this incident." Doc. 52, att. 5, p. 2.

Plaintiff also maintains that a surveillance video depicting her fall must exist. Specifically, she takes issue with the fact that "only six minutes and thirty-three seconds of footage [depicts] the aisle where [her] incident occurred." Doc. 44, att. 1, p. 16. Defendant asserts that the lack of footage is because the surveillance cameras are motion activated. *See* Doc. 52, p. 2. It maintains that "[t]he surveillance camera was operating at the time of the Plaintiff's alleged incident, but showed no incidents occurring as described and alleged by Plaintiff." Doc. 44, att. 10, p. 2. Dollar General provides an affidavit from Aisha Hopkins, an employee of the third-party vendor used by Dollar General to secure and obtain surveillance video from incidents that are reported in Dollar General stores. Doc. 52, att. 8, p. 1. She indicates all of the store surveillance video available on

the relevant store cameras for the date of the alleged incident between 6:16 p.m. and 8:16 p.m. was retained. *Id.* at 3. She and Ms. Milliken have both testified that no one has erased footage related to the incident. Doc. 52, att. 10, p. 3; Doc. 52, att. 5, p. 3. Accordingly, defendant asserts it cannot provide the requested video because it does not exist. Doc. 52, p. 4.

We deny plaintiff's motion to compel given defendant's representation that the evidence requested by plaintiff is not in defendant's possession. Just because it is Dollar General's standard practice to prepare an incident report does not mean automatically that it did so. It has, by sworn affidavit, provided affirmative proof that no incident report was prepared. Additionally, how plaintiff had a "Customer Copy" when no full report was prepared would certainly be puzzling but that fact still does not lead to the inexorable conclusion that a larger report exists. Defendant cannot be ordered to produce that which it does not have and therefore this request is denied.

Similarly, defendant has provided evidence through the affidavit of its third-party vendor in charge of its surveillance video that all footage involving plaintiff on the date she claims the incident occurred has been produced. Again, defendant cannot be ordered to produce that which it does not have and therefore this request is also denied.

Plaintiff has alternatively requested adverse interference pursuant to FRCP 37(e), arguing that Dollar General must have destroyed evidence related to this case. Doc. 44. As noted *supra*, under 37(e) the court may order adverse action against a party after the loss of information if "the party [responsible for the loss] acted with the intent to deprive another party of the information's use." FED. R. CIV. P. 37(e)(1)-(2). There is no evidence that Dollar General has acted with any intent to deprive plaintiff of information in this case. Accordingly, plaintiff's request for this relief is likewise denied.

Finally, plaintiff seeks an order sanctioning Dollar General pursuant to FRCP 37(b)(A) and to pay all costs, including attorney fees, incurred in filing this motion pursuant to FRCP 37(b)(C) and 37(a)(5)(A). Doc. 44, p. 2. Attorney fees and costs are only available under 37(a)(5)(A) "[i]f the motion is granted;" attorney fees and costs are only available under FRCP 37(b)(A) and 37(b)(C) when a party fails "to Comply with a Court Order." FED. R. CIV. P. 37(a)(5)(A), (b). The motion is not granted, and there is no evidence Dollar General has failed to comply with any court order. Accordingly, plaintiff's request for attorney fees and costs is denied.

### III.
#### CONCLUSION

For the reasons stated above, the Motion for Order Compelling Discovery; and Alternatively, Motion for Adverse Interference Pursuant to FRCP 37(e) [doc. 44] filed by plaintiff, Glenda Carter is **DENIED**.

THUS DONE AND SIGNED in Chambers this 11th day of June, 2019.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE